IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| CHRISTAL CANTRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 01-J-3264-J |
| | ) | |
| PINNACLE HOMES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ENTERED**
JAN 9 2003

**MEMORANDUM OPINION**

Currently pending before the court is defendant's motion for summary judgment (doc. 9). The court has reviewed the motion and the parties' other submissions.

**I. Facts**

Plaintiff, Christal Cantrell, applied for a position with defendant, Pinnacle Homes, in October 2000. Plaintiff's Depo. at 196-97. Plaintiff completed an application and was subsequently offered a position with defendant. After her employment but prior to actually beginning work she met with defendant's Human Resources Coordinator, Betty Pearce, to complete the necessary human resources documents. One of the documents she filled out was a Mobility Form that asked a variety of questions including whether she ever experienced "convulsions" and "blackout/dizziness." Plaintiff's Depo. at Exh. 9. Plaintiff indicated on the form that she did not experience any of the listed medical

conditions including "dizziness" or "convulsions." However, plaintiff has suffered from seizures since high school, although the cause of these seizures has never been diagnosed. Plaintiff's Depo. at 184-85. Defendant's employee handbook, which plaintiff received, noted that an employee could be terminated for falsifying any employment records. *Id*. at 205-06.

Plaintiff began working for defendant on November 29, 2000. Plaintiff's Depo. at 203. During plaintiff's tenure with defendant, she suffered four seizures including one during her first week of work. Plaintiff felt that despite her seizures she was capable of fulfilling every job function without any accommodation. *Id.* at 147-48. One of plaintiff's supervisors instructed her to stay off ladders and let other employees do work off the ground as a precaution against plaintiff falling while she was having a seizure. McDonald Depo. at 15-16.

On or about March 15, 2001, defendant's production manager, Randy Pennington, determined that she needed to be terminated because she was missing too many days of work. Pennington Depo. at 26-28. Pennington spoke with Betty Pearce who subsequently pulled plaintiff's personnel file and noticed that plaintiff failed to disclose that she suffered from convulsions or blackouts on her Mobility Form. Pearce contacted Sue Richmond, defendant's human resources director, who subsequently determined that plaintiff should be terminated based upon her falsification of the answers on the Mobility Form. Richmond Affidavit at ¶ 6-7. Plaintiff was then discharged. According to plaintiff's Employee Separation Form, this discharge occurred because plaintiff falsified

the information on her application. Pearce Declaration at Exh. 1; Plaintiff's Depo., at 230-31.

## II. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In

meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(c); *Matsushita*, 475 U.S. at 587. *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case...A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991).

### III. Analysis

Plaintiff asserts that she was discharged from her employment with defendant because of a disability, her seizure, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. In order to set forth a prima facie case under the ADA, plaintiff must demonstrate that she (1) has a disability, (2) is qualified to perform the job and (3) was subjected to unlawful discrimination on account of that disability. *Davis v. Florida Power & Light*, 205 F.3d 1301, 1305 (11th Cir. 2000) *cert. denied* 531

U.S. 927 (2000). Should plaintiff set forth a prima facie case, the shifting burden analysis then applies. *Wascura v. City of South Miami*, 257 F.3d 1238, 1242-43 (11th Cir. 2001). The only element of plaintiff's prima facie case in dispute is the disability prong.

A disability is defined as "(1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment." 29 C.F.R. § 1630.2(g). The Supreme Court recently held that, "to be substantially limited in performing manual tasks, an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives. The impairment's impact must also be permanent or long term." *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, ___, 122 S.Ct. 681, 691 (2002). The focus of the inquiry should not simply be on an individual's ability to perform the tasks associated with the job at issue. *Id.* at 693.

Plaintiff's seizures do not qualify as a disability based upon prior precedent in the Eleventh Circuit. In *Cash v. Smith*, the Court of Appeals for the Eleventh Circuit found that a woman who suffered from chronic seizures was not disabled because those seizures did not affect any of her major life activities. 231 F.3d 1301, 1305-06 (11th Cir. 2000). While the plaintiff in that case essentially could not function during her seizure, she was not affected after her seizure in any way. *Id.* The present case is directly analogous. Plaintiff does not suffer any negative after effects from her seizures that prevent her from doing any life activities and she has testified that none of her major life activities are

affected by her condition. Plaintiff's Depo. at 147-48.

Additionally, the evidence does not indicate that defendant perceived the plaintiff to be disabled. In *Cash*, the Eleventh Circuit found that an employer stopping an employee with seizures from performing one job function, driving a car for the employer, was insufficient to constitute a perception by that employer that the employee was disabled. 231 F.3d at 1306. Again, the present case is analogous in that defendant restricted plaintiff's job by preventing her from working on ladders, but did not treat plaintiff any differently outside of this one restriction. An employer must consider an employee to be unable to perform a "broad class of jobs" in order for that employee to meet the disability prong of her prima facie. *Id.* at 1306. The evidence simply fails to demonstrate that the defendant viewed the plaintiff as disabled. Accordingly, defendant is entitled to summary judgment.

## IV. Conclusion

Based upon all of the foregoing, defendant's motion for summary judgment is **GRANTED**. Plaintiff's claims against defendant are **DISMISSED WITH PREJUDICE.**

**DONE** and **ORDERED** this ___9___ day of January, 2003.

Inge P. Johnson
U.S. District Judge